UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Criminal No. 26-42 (DWF/JFD)

          Plaintiff,

v.                                                                      **MEMORANDUM**
                                                                          **OPINION AND ORDER**

Jose Alberto Ramirez,

          Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Jose Alberto Ramirez's motion to revoke detention order. (Doc. No. 25.) The United States of America (the "Government") opposes the motion. (Doc. No. 30.) For the reasons set forth below, the Court denies Ramirez's motion.

## BACKGROUND

Ramirez is charged with interstate transmission of a threat to injure the person of another. (Doc. No. 16.) He was arrested and made his first appearance in the Northern District of Illinois. (*See* Doc. No. 13 at 1.) At his initial appearance, the Government moved for detention under 18 U.S.C. § 3142(f)(1). (Doc. No 25-1 at 40.) Magistrate Judge Beth W. Jantz granted the Government's motion, finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (*Id.* at 42.) Notably, she relied on Ramirez's (1) prior criminal history, (2) prior violations of probation, parole, or

supervised release, (3) prior failure to appear in court as ordered, (4) that Ramirez was on probation, parole, or another kind of release while under supervision, and (5) that Ramirez's release "poses serious danger to any person or the community."  (*Id.*)

Following Magistrate Judge Jantz's order, Ramirez was transferred to this District. (*See* Doc. No. 13 at 1.)  He made his initial appearance in this District before Magistrate Judge David T. Schultz.  (Doc. No. 11.)  Magistrate Judge Schultz ordered Ramirez's continued detention, relying on Magistrate Judge Jantz's determination.  (Doc. No. 13 at 1.)  Ramirez now moves to revoke that detention order under 18 U.S.C. § 3145(b). (Doc. No. 25.)

## DISCUSSION

A district court reviews a magistrate judge's order for release or detention de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).  A defendant may be detained pending trial "if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions will *reasonably assure* the defendant's appearance."  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation modified).  To determine whether such release conditions exist, courts consider:  (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger to the community.  *Id.* (citing 18 U.S.C. § 3142(g)).

Ramirez argues that these factors weigh in his favor because the alleged threats were made electronically and did not involve any physical violence or weapons, he has

been successful on his most recent term of probation other than the instant accusation, and he has a stable job and support system.  (Doc. No. 25 at 10-13.)  The Government focuses on Ramirez's criminal history and his conduct when he was arrested on the complaint in this case, including stating that "once he was released, law enforcement would never see him again."  (Doc. No. 30 at 5, 8-11.)

Having considered the § 3142(g) factors, the Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community and by preponderance of the evidence that no condition or set of conditions will reasonably assure Ramirez's appearance.  Although Ramirez has a support system, a stable job, and has been more successful on his recent term of probation, the Court cannot overlook his history and the nature of the alleged offense in this case.  First, Ramirez's criminal history is significant and includes violent crimes.  Those offenses did not occur so long ago that they are irrelevant to the current assessment, as Ramirez seems to suggest.  Second, Ramirez has an extensive record of failing to appear for court proceedings and prior probation violations.  Third, the messages Ramirez allegedly sent to the victim in this case are serious and indicated that he knew the addresses of the victim's family members. Fourth, his statement on arrest that "law enforcement would never see him again" bolsters the Court's concern that he will fail to re-appear in this case.  Lastly, the fact that Ramirez was on probation at the time this offense was allegedly committed weighs against him.  Accordingly, the Court denies Ramirez's motion to revoke the detention order.

3

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Jose Alberto Ramirez's motion to revoke detention order (Doc. No. [25]) is **DENIED**.


Dated:  March 23, 2026                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge

4