UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-42 (DWF/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| v. | ) | DEFENDANT'S OBJECTIONS TO THE |
| | ) | REPORT AND RECOMMENDATION |
| JOSE ALBERTO RAMIREZ, | ) | |
| a/k/a JOSE ALBERTO RAMIREZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its response to the defendant's objections (ECF 39) to the Report and Recommendation, filed on May 4, 2026 by Magistrate Judge John F. Docherty, (ECF 37, "the R&R"), recommending denial of the defendant's motion to dismiss the Indictment, (ECF 33). The United States relies on, and incorporates by reference, its opposition (ECF 34 at 6-17) to the defendant's motion to dismiss as part of its response.[1]

In his objections to the R&R, the defendant asserts, among other things, that the R&R erred in finding the Indictment facially legally sufficient, erred in relying on contextual background not alleged in the Indictment, and erred by treating a question of legal sufficiency as an issue for trial. (ECF 39 at 3-5, 8-10, 12-13) Contrary to the defendant's assertions, however, the R&R relied on Eighth Circuit precedent and properly found the Indictment was legally sufficient, properly took into account the

---

[1] For a summary of the relevant procedural history and general factual background, see ECF 34 at 1-6.

factual context and totality of the circumstances in which the alleged threats were made, and followed the overwhelming majority of Circuit case law that whether a statement constitutes a true threat is generally a question for the jury to determine, rather than by a court on a motion to dismiss the Indictment.

In his motion to dismiss the Indictment, the defendant attacked the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for "failure to state an offense." (ECF 33 at 6, 11; R&R at 3))  The R&R, however, properly considered the defendant's motion as a challenge to the legal sufficiency of the evidence and found that the Indictment tracked § 875(c)'s statutory language, alleged all the elements of the offense, and provided enough information for the defendant to defend against the charge and plead double jeopardy as a bar to future prosecution.  (R&R at 3-4)

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993), & reversing dismissal of indictment). *See also United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (noting it is well-established that "[t]here is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the government has no duty to reveal all of its proof before trial.") (citing *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995)); *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) ("challenges to the evidence's

sufficiency are tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, not by a dismissal of an indictment on the basis of predictions as to what the trial evidence will be"); *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (noting that federal criminal procedure does not "provide for a pre-trial determination of sufficiency of the evidence"); *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969) (noting that indictments are not subject to challenge on "inadequate or incompetent evidence" because "[t]he result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence") (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). Accordingly, the R&R properly found the Indictment to be facially legally sufficient, and the defendant's motion to dismiss should be denied.

The main thrust of the defendant's objections appears to be that, to constitute a true threat under § 875(c), the defendant's words must unequivocally, objectively, and expressly constitute a threat to injure. (*E.g.,* ECF 39 at 3 ("communications, accepted as true, do not contain a threat to injure"), 5 ("communications . . . do not state that [he] will injure anyone, identify any act of unlawful violence or bodily harm, or communicate a serious expression of intent to inflict injury"), 6 ("communications that do not state, describe, or communicate threatened violence or bodily harm" are insufficient), 7 ("speculation about violence the charged communications do not express"), 9-10 ("Section 875(c) requires a threat communicated by [the defendant's]

3

charged words"), 13 ("communications alleged . . . contain no discernible violence or threatened injury")).

The defendant, however, fails to cite any authority supporting these dubious propositions. But not surprisingly so, because "context matters," *Elonis v. United States*, 575 U.S. 723, 747 (2015) (Alito, J., concurring in part and dissenting in part), as the R&R properly recognized (R&R at 6-9). Indeed, whether a statement amounts to a true threat is a fact-intensive inquiry "for the fact-finder to determine in the context of the totality of the circumstances in which the communication was made." *United States v. Ivers*, 967 F.3d 709, 718 (8th Cir. 2020). "[T]he communication must be viewed in textual context and also in the context of the totality of the circumstances in which the communication was made." *United States v. Dierks*, 978 F.3d 585, 589 (8th Cir. 2020). *See United States v. Hart*, 212 F.3d 1067, 1071 (8th Cir. 2000) (noting that "to determine whether a true threat exists," the alleged threat must be viewed "in light of its entire factual context"). Moreover, the government is not even required "to quote the alleged threats in the indictment." *United States v. Abdulkadir*, 2016 WL 659711, at *3 (D. Minn. Feb. 18, 2016) (denying defendant's motion to dismiss indictment charging § 115(a) threats to murder United States judge and federal officers and § 875(c) threats to injure). *See also United States v. Saul*, 2020 WL 2124853, at *4 (D. Neb. May 20, 2020) ("It is neither feasible nor required for an indictment to recount all surrounding factual circumstances.") (construing threats indictment).

And contrary to the defendant's apparent assertion that the words constituting the alleged threat must unequivocally, objectively, and expressly state a threat, § 875(c)'s language broadly prohibits "any threat."  18 U.S.C. § 875(c).  "Congress meant to proscribe a broad class of threats in Section 875(c)." *Elonis*, 575 U.S. at 734. "The plain language of § 875(c) thus criminalizes a broad spectrum of threats to injure the person of another, ranging from threats that are a means to achieving some tangible end, to threats that serve no discernible purpose other than intimidation for its own sake." *United States v. Jongewaard*, 567 F.3d 336, 340 (8th Cir. 2009) ("reject[ing] the premise that a communication qualifies as a threat under § 875(c) only if it is a means to an end other than intimidation for its own sake"). *See Dierks*, 978 F.3d at 590 ("The 'true threat' doctrine only requires that a jury find that a defendant's statement was serious, not literal or even intelligible. Even if 'a person expresses himself in an outlandish, illogical manner,' his statements can be seriously threatening.") (citation omitted).  Accordingly, the "[t]rue-threats doctrine covers content-based prosecutions for single utterances of 'pure speech,' which need not even be communicated to the subject of the threat." *Counterman v. Colorado*, 600 U.S. 66, 85 (2023) (Sotomayor, J., concurring in part and concurring in the judgment).

Other Circuits are in accord.  In *United States v. Turner*, 720 F.3d 411, 422-23 (2d Cir. 2013), the Second Circuit held that a "rigid adherence to the literal meaning of a communication without regard to its reasonable connotations derived from its ambience," would leave society "powerless against the ingenuity of threateners . . . by an implied menace as by a literal threat."  The *Turner* court further held that "[a]n

5

absence of explicitly threatening language does not preclude the finding of a threat." *Id.* at 424. The *Turner* court concluded that the defendant's argument depended too much on "literal denotation and syntax," but that threats "need not be explicit nor conveyed with the grammatical precision of an Oxford don." *Id.* at 425.

The Tenth Circuit reached a similar conclusion in *United States v. Wheeler*, 776 F.3d 736 (10th Cir. 2015). The *Wheeler* court rejected the defendant's claim that his alleged threatening statements were merely "exhortations to unspecified others to commit violence" rather than "true threats." *Id.* at 744. In rejecting Wheeler's claim, the Tenth Circuit agreed with the *Turner* court and concluded that such a "wooden . . . interpretation" of the true threats requirement would "leave the state powerless against the ingenuity of threateners." *Wheeler*, 776 F.3d at 745.

Justice Alito echoed a similar estimation in his partial concurrence in *Elonis* by noting that "[s]tatements on social media that are pointedly directed at their victims, by contrast, are much more likely to be taken seriously. To hold otherwise would grant a license to anyone who is clever enough to dress up a real threat in the guise of rap lyrics, a parody, or something similar." *Elonis*, 575 U.S. at 747 (Alito, J. concurring in part). *See United States v. Bellrichard*, 994 F.2d 1318, 1321 (8th Cir. 1993) (recognizing that correspondence directed to one's home or work more likely to be perceived as threat than general statement delivered at public gathering). *See also United States v. Miah*, 120 F.4th 99, 108 (3d Cir. 2024) (finding that "contextualized tweets" expressed serious intent to harm agents and holding that "threats targeting FBI agents generally are sufficiently particularized to qualify as true threats").

6

Lastly, despite the defendant's contentions to the contrary, the overwhelming weight of case law in the Eighth Circuit and across other Circuits is that whether a statement amounts to a true threat is a question best left for the jury—and not one to be decided on a motion to dismiss an indictment. *E.g., Brandy v. City of St. Louis, Missouri*, 75 F.4th 908, 915 (8th Cir. 2023) ("In the absence of unusual facts though, the question whether a statement amounts to a true threat is a question generally left to a jury."); *United States v. Clemens*, 738 F.3d 1, 13 (1st Cir. 2013) (finding that First Amendment is "not a basis on which to take away from a jury the factual question of whether or not defendant's emails conveyed true threats") (collecting cases from various Circuits); *United States v. Carrier*, 672 F.2d 300, 306 (2d Cir. 1982) ("whether words used are a true threat is generally left to the triers of fact"); *Turner*, 720 F.3d at 424 (the determination of whether or not a statement is a true threat "is a question generally best left to a jury"); *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013) ("In the usual case, whether a communication constitutes a threat or a true threat 'is a matter to be decided by the trier of fact.'") (citing cases from multiple circuits); *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010) (per curiam) (rejecting argument to dismiss indictment on First Amendment grounds, because "potential First Amendment concern[s] [are] addressed by the requirement of proof beyond a reasonable doubt at trial, not by a dismissal at the indictment stage"); *United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) (whether statements were true threats is a question for the jury); *Wheeler*, 776 F.3d at 742 ("absent an 'unusual set of facts,' the question whether statements amount to true threats 'is a question

7

generally best left to a jury.'"). *See also  United States v. Alvarez-Sorto*, 160 F.4th 930, 943 (8th Cir. 2025) (noting when "both an 'innocent [and] culpable explanation' [are] possible" presents a "classic jury call" "to figure out which to believe").

Indeed, even when deciding a motion for judgment of acquittal, the "district court does not decide that a particular communication *is* a threat as a matter of law, but whether there is sufficient evidence *for a jury to decide* that a reasonable recipient would interpret it as a threat. If, at that point, the evidence is sufficient, *it is up to the jury to decide* whether the language in the communication at issue was a threat." *United States v. Floyd*, 458 F.3d 844, 849 (8th Cir. 2006) (citation omitted; first emphasis in original).

At bottom, as the R&R properly found (R&R at 9), contrary to the defendant's assertions, given the totality of the defendant's communications, "reasonable jurors could certainly conclude that these statements constitute a 'serious statement or communication which expresses an intention to inflict injury' [on the victims] 'at once or in the future . . .'" and therefore "constituted a threat based on a consideration of the alleged statement as a whole, and in the context in which the statements were made.'" *Stock*, 728 F.3d at 298-99.[2]

---

[2] Indeed, this Court previously noted the serious nature of the threatening language in its Order denying the defendant's motion to revoke detention. (*See* ECF 32 at 3, finding in part that "the messages Ramirez allegedly sent to the victim in this case are serious and indicated that he knew the addresses of the victim's family members.").

CONCLUSION

For all the foregoing reasons, the defendant's objections to the R&R should be overruled, the R&R should be adopted, and the defendant's motion to dismiss should be denied.

Dated:  June 8, 2026                          Respectfully submitted,

                                              DANIEL N. ROSEN
                                              United States Attorney

                                              /s/ *Benjamin Bejar*
                                        BY:   BENJAMIN BEJAR
                                              Assistant United States Attorney
                                              District of Minnesota
                                              Attorney ID No. 351131