**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                   Criminal No. 26-42 (DWF/JFD)

         Plaintiff,

                                      **ORDER ADOPTING REPORT**
v.                                                              **AND RECOMMENDATION**

Jose Alberto Ramirez,

         Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Jose Alberto Ramirez's motion to dismiss the indictment.  (Doc. No. 33.)  In a Report and Recommendation ("R&R"), Magistrate Judge John F. Docherty recommended denying the motion.  (Doc. No. 37.) Ramirez objects to the R&R.  (Doc. No. 39.)  For the reasons set forth below, the Court adopts the R&R and denies the motion to dismiss.

## DISCUSSION

The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The relevant factual and procedural background was clearly and precisely set forth in the R&R and is incorporated by reference.

In the R&R, Magistrate Judge Docherty recommended denying Ramirez's motion to dismiss because the indictment sufficiently tracks the elements of the charged crime and a reasonable jury could interpret the alleged communications as a serious expression of intent to inflict bodily harm or cause injury to another.  (Doc. No. 37 at 3, 9.)

Ramirez made several somewhat nuanced objections regarding *how* Magistrate Judge Docherty analyzed the motion to dismiss and his ultimate recommendation to deny the motion to dismiss.  In particular, he questioned Magistrate Judge Docherty's reliance on "unalleged background" and asserted that communications that do not specify an injury or type of violence cannot constitute a true threat.  (Doc. No. 39 at 5-11.)

After a thorough review of the record, the Court agrees with Magistrate Judge Docherty's recommendation and adopts the R&R in full.  Generally, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  It also must sufficiently inform the defendant of the accusations against them so that they may prepare their defense and avoid double jeopardy.  *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986).  Prior to trial, a defendant may move to dismiss the indictment against them for failure to state an offense.  Fed. R. Crim. P. 12(b)(3)(B)(v).  "An indictment is normally sufficient if its language tracks the statutory language."  *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

Ramirez generally agrees with this framework and agrees that the indictment tracks the statute in this case but argues that a court must go further and analyze whether the alleged communications could constitute a true threat.  (Doc. No. 39 at 3.)  As Magistrate Judge Docherty aptly explained, the question of whether alleged communications amount to a true threat is generally left to a jury.  *Brandy v. City of St. Louis*, 75 F.4th 908, 915 (8th Cir. 2023).  However, in unusual cases, a court can dismiss a charge as a matter of law where no reasonable jury could find the defendant's statements to be true threats.  *See United States v. Stevens*, 881 F.3d 1249, 1252 (10th Cir.

2018); *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013); *see also Bond v. United States*, No. 08-cr-210, 2013 WL 12341611, at *2 (D. Minn. Feb. 7, 2013) ("Few cases are so clear, however, and usually it is a jury question whether conduct or speech fall outside the ambit of first amendment protection.").  "A true threat is a statement that a reasonable recipient would have interpreted as a serious expression of an intent to harm or cause injury to another." *Brandy*, 75 F.4th at 915 (citation modified).

The Court agrees with Magistrate Judge Docherty that a reasonable jury could find Ramirez's statements to be a true threat and respectfully disagrees with Ramirez's assertion to the contrary.  There are no unusual facts that make the true threat question here clear as a matter of law.  Although the alleged communications are not specific, there are situations where the communications could constitute a serious expression of an intent to harm or cause injury to another.  Relatedly, the Court rejects Ramirez's assertion regarding Magistrate Judge Docherty's reliance on "unalleged background."  Ramirez has not cited any cases where a court found it should not consider the context of a statement to determine whether it was a true threat.  Rather, the courts in the cases he relies on used context when determining that certain statements were not true threats as a matter of law.  Ramirez attempts to make a distinction between statements that contain a specific type of injury or violence and those that do not, but that distinction is baseless.  Context is always key to determining whether a communication constitutes a true threat.  *See, e.g.*, Eight Circuit Manual of Model Jury Instructions (Criminal) § 6.18.875C (2025) (instructing the jury to consider "all the circumstances surrounding the making of the" communication or message).  The Court acknowledges that there are significant questions about the

3

admissibility of certain context in this case.  Those questions are best saved for motions *in limine* or objections at trial.[1]

In conclusion, the Court finds that the indictment is sufficient and the true threat question must go to a jury.  The Court respectfully overrules Ramirez's objections and denies his motion to dismiss.

## ORDER

Based on the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Defendant Jose Alberto Ramirez's objections to the Report and Recommendation (Doc. No. [39]) are **OVERRULED**.

2.      The Report and Recommendation (Doc. No. [37]) is **ADOPTED**.

3.      Defendant Jose Alberto Ramirez's motion to dismiss the indictment (Doc. No. [33]) is **DENIED**.

Dated:  July 8, 2026                         s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

---

[1]      Ramirez makes a similar context argument regarding the mens rea requirement. (*See* Doc. No. 39 at 10.)  The indictment sufficiently alleges mens rea.  These arguments are best saved for a motion for judgment of acquittal or closing argument.